Joshua A. Schaul (State Bar No. 251337)
schaul@garveyadam.com
GARVEY ADAM LLP
19800 MacArthur Boulevard, Suite 1070
Irvine, California 92612
714.924.4377

Attorneys for Plaintiff
Scentco, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scentco, Inc.**, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**WeVeel, LLC**, a Delaware limited liability company, and **Does** 1 through 10,<br><br>Defendants. | Case No. **'24 CV 0796 MMA MMP**<br><br>Complaint For:<br><br>(1) Trademark Infringement;<br><br>(2) Unfair Competition; and<br><br>(3) Unjust Enrichment<br><br>Demand For Jury Trial |

Complaint

Plaintiff Scentco, Inc. for its complaint against defendants WeVeel, LLC, and Does 1 through 10, alleges as follows:

**The Parties**

1.     Plaintiff Scentco, Inc. (hereinafter, "Plaintiff") is a California corporation with a principal place of business at 8640 Argent Street, Santee, California 92071.

2.     Defendant WeVeel, LLC is, on information and belief, a Delaware limited liability company with a principal place of business at 20 N. Pennsylvania Avenue, Morrisville, Pennsylvania 19067.

3.     Plaintiff lacks the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend its complaint to allege the Does' true names and capacities when they have been ascertained.

4.     Plaintiff is informed and believes that each of the Doe defendants is responsible in some manner for the events and happenings alleged herein, including damages.  Hereinafter, the named defendants and the Doe defendants are collectively referred to as "Defendants."

5.     Plaintiff is informed and believes that each of the Defendants was the agent or employee of each of the remaining Defendants and, at all relevant times herein, acted within the course and scope of such agency and/or employment.

**Jurisdiction and Venue**

6.     This action is subject to this Court's jurisdiction pursuant to 15 U.S.C. §1121(a) (action arising under the Lanham Act), 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1338(a) (any act of congress

relating to trademarks), 28 U.S.C. §1338(b) (action asserting a state claim of unfair competition joined with a substantial and related federal claim under trademark law) and 28 U.S.C. §1367(a) (supplemental jurisdiction).

7. This Court also has jurisdiction based upon 28 U.S.C. §1332 (diversity and amount in controversy in excess of $75,000, exclusive of interest and costs).

8. This Court has personal jurisdiction over Defendants because: 1) each Defendant or their respective agents are doing business in this district and/or purposely directing their activities towards this district; and 2) Plaintiff is informed and believes that a substantial part of the wrongful acts alleged herein occurred in interstate commerce, in the State of California, and in this district.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(d) for this Court has personal jurisdiction over Defendants because: 1) each Defendant or their respective agents are doing business in this district and/or purposely directing their activities towards this district; and 2) Plaintiff is informed and believes that a substantial part of the wrongful acts alleged herein occurred in interstate commerce, in the State of California, and in this district.

**Factual Allegations**

10. This dispute concerns trademark infringement, unfair competition, unjust enrichment, and other wrongful acts regarding the Plaintiff's three-dimensional configuration trademark. Since 2003 Plaintiff has been actively engaged in the design, manufacture, advertising, distribution, and sale of *The Funnest Stuff On Earth! tm* including pencils and pens, markers and crayons, plush toys, activity kits, and modeling dough.

11. Plaintiff is the owner of numerous domestic, international, and foreign trademarks, and the goodwill symbolized by its marks and the registrations thereof. To protect Plaintiff's investment in its development of products and goodwill, Plaintiff obtained numerous trademark registrations including specifically U.S. trademark, registration no. 4630857, for a three-dimensional configuration of a tube carrying a writing implement:

A true and correct copy of the plaintiff's federally registered and incontestable three-dimensional configuration mark, registration no. 4630857, is attached hereto as Exhibit A and incorporated by reference herein.

12. As detailed in Exhibit A, since at least August 2002, Plaintiff has and continues doing business using the federally registered and incontestable three-dimensional configuration mark for *writing implements*.

13. Plaintiff uses its three-dimensional configuration mark in the advertising and promotion of its writing implements throughout the United States and the world. By virtue of advertising and promotional services, together with consumer acceptance and recognition, Plaintiff's three-dimensional configuration mark identifies Plaintiff's writing implements only and distinguishes it from those offered by others. Plaintiff's three-dimensional configuration mark has thus become

synonymous with Plaintiff and is a valuable asset symbolizing Plaintiff, its high quality products, and its goodwill.

14.   Through longstanding, extensive, and exclusive use, Plaintiff's three-dimensional configuration trademark is distinctive, and Plaintiff enjoys substantial commercial success.  The configuration mark is readily recognized by consumers of quality products and is a valuable asset of Plaintiff.

15.   At all times relevant to this complaint, Defendants are and have been acutely aware of Plaintiff's business, including the writing implements offered using the three-dimensional configuration trademark and the goodwill represented and symbolized by the registration.

16.   Plaintiff recently became aware that Defendants adopted and began using a counterfeit three-dimensional tube in connection with its *scented pencils*.  Defendants' three-dimensional tube is virtually identical to Plaintiff's three-dimensional configuration trademark:

| **Plaintiff** | **Defendants** |
|---|---|
|  |  |
|  |  |

17.   Moreover, Defendants' three-dimensional tube incorporates prominent portions of Plaintiff's three-dimensional configuration trademark, namely, a first portion of the tube being opaque and a second portion of the tube appearing transparent giving the appearance that a writing implement is contained within the tube and is visible through the second portion of the tube.

18.   Plaintiff is informed and believes, and thereon alleges, that since at least July 24, 2017, Defendants, with constructive and/or actual notice of Plaintiff's ownership of the three-dimensional configuration trademark, have and continue doing business using a three-dimensional tube for *scented pencils*.  See <u>Exhibit B</u> attached hereto and incorporated by reference herein.

19.   Without the consent, authorization or approval of Plaintiff, Defendants are using a three-dimensional tube in connection with the advertisement and marketing of scented pencils.

20.   Plaintiff is informed and believes, and thereon alleges, that Defendants' use of a three-dimensional tube in the advertisement, marketing materials and promotional materials in connection with Defendants' writing implements leads clients and potential clients to erroneously believe that Defendants' writing implements are affiliated with or sponsored by Plaintiff.

21.   Plaintiff is informed and believes, and thereon alleges, that Defendants' use of a counterfeit three-dimensional tube is willful and calculated to deceive and cause confusion among clients and prospective purchasers of writing implements.

22.   Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in their infringing conduct with a willful and deliberate intent to cause confusion among the purchasing public and to

trade on the goodwill symbolized by Plaintiff's federally registered and incontestable    .

23.   Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have agreed among themselves to act, and have acted, in concert for the purpose of unfairly injuring, usurping, and appropriating to themselves Plaintiff's business, reputation, and goodwill in the three-dimensional configuration trademark in one or more of the following ways:

a. Adopting a counterfeit three-dimensional tube that is confusingly similar to Plaintiff's three-dimensional configuration trademark for their own use and purposefully misleading customers to believe that the writing implements offered in connection with Defendants' three-dimensional tube are somehow related to or affiliated with Plaintiff, or sponsored by Plaintiff; and

b. Continuing to use Defendants' counterfeit three-dimensional tube that is confusingly similar to Plaintiff's three-dimensional configuration trademark and infringing Plaintiff's rights under established trademark law, even after constructive notice of Defendants' infringement.

24.   As a result of the actions described above, Plaintiff has lost and is at risk of losing further substantial business.  The harm to Plaintiff's business cannot be adequately redressed by damages since Plaintiff's business reputation and the continuing value of the three-dimensional configuration trademark is jeopardized by Defendants' acts.  Further, the injury to Plaintiff's reputation will continue to accrue unless and until

Defendants are enjoined from using the infringing three-dimensional tube and/or interfering with Plaintiff's business relationships.

### First Claim for Relief

### (Trademark Infringement Against All Defendants)

25.   Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

26.   Plaintiff sells and distributes writing implements under the federally registered and incontestable three-dimensional configuration trademark, registration no. 4630857.  The three-dimensional configuration trademark is distinctive of Plaintiff and associated with the quality products offered by Plaintiff.

27.   Defendants have no rights or license to use a three-dimensional tube in connection with its writing implements.  Defendants' use of a counterfeit three-dimensional tube was and is without Plaintiff's consent.

28.   Defendants willfully and knowingly, without justification, and without privilege, designed, manufactured, imported, sold, offered for sale and/or distributed writing implements using a counterfeit three-dimensional tube.  As such, Defendants' use of a three-dimensional tube does cause and/or is likely to cause confusion, mistake, or deception among purchasers with Plaintiff's three-dimensional configuration trademark.

29.   Defendants intentionally used the three-dimensional tube, knowing it is confusing when used in connection with the design, manufacture, importation, sale, offering for sale, and/or distribution of writing implements.

30.   Defendants used the three-dimensional tube in connection with the design, manufacture, importation, sale, offering for sale, and/or

distribution of writing implements for the purpose of enhancing the commercial value of their businesses and/or selling and/or soliciting purchases of writing implements.

31.   Defendants, in connection with the design, manufacture, importation, sale, offering for sale, and/or distribution of writing implements, by use of the infringing three-dimensional tube, made false or misleading representations of fact about the origin and sponsorship of their goods.  Those advertisements and/or promotions deceived or tended to deceive a substantial segment of their audience, and the deception was material.  Defendants' statements appeared in commercial advertising or promotion through its own website or other media, and Plaintiff has been and/or is likely to be injured because of the advertising.

32.   Defendants' conduct violates the Lanham Act and damages Plaintiff, including exposing Plaintiff to liability, injury to Plaintiff's business reputation and goodwill, and/or dilution of the distinctive quality of Plaintiff's federally registered and incontestable three-dimensional configuration trademark.  Due to Defendants' willfulness, Plaintiff is entitled to a treble damage award pursuant to law.

33.   In addition, Plaintiff is entitled to a monetary award in the amount of the Defendants' profits due to Defendants' unjust enrichment as a result of Defendants' conduct and Defendants should be ordered to account for those profits to Plaintiff.

34.   In addition, Plaintiff is entitled to a monetary award to advertise to correct any misconceptions caused by Defendants' infringement.

35.   In addition, Plaintiff is entitled to its attorney's fees and costs in accordance with law.

36.   In addition, Plaintiff requests appropriate injunctive relief such

as restraining Defendants, their agents, servants, and employees, and all persons acting under in concert with, or for them, from using a three-dimensional tube, or anything similar, in connection with the offering of writing implements.  Additionally, Plaintiff requests other appropriate relief and any necessary orders and relief from this Court in order to deter Defendants' conduct in the future.

## Second Claim for Relief

### (Unfair Competition Against All Defendants)

37.  Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

38.  California Business and Professions Code § 17200, et seq. prohibits unlawful, unfair, or fraudulent business practices.

39.  Defendants have engaged, and continue to engage, in unlawful and/or unfair business practices in violation of the California Business and Professional Code as described in this complaint, including, but not limited to:

a. Intentionally, systematically, unlawfully, and unfairly using a three-dimensional tube that is confusingly similar to Plaintiff's federally registered and incontestable three-dimensional configuration trademark after it has become exclusively identified with Plaintiff's writing implements following continuous commercial use by Plaintiff throughout the United States;

b. Offering, selling, distributing and/or advertising writing implements using a three-dimensional tube that does cause and/or is likely to cause confusion;

c. Palming off confusingly similar writing implement goods

by imitating the marks, configuration, and trade dress of Plaintiffs' goods, intending to compete with Plaintiffs by deceiving the public; and

   d. False advertising by the use of false or misleading statements which Defendants knew or should have known, were untrue and/or misleading (15 U.S.C. § 1111, *et seq*.; California Business and professions Code §17500, *et seq*.).

40.   The illegal, unlawful and unfair conduct of Defendants is in violation of the law.

41.   The acts of Defendants alleged herein were done in the course of business, and for a business purpose.  As a proximate result of these unlawful and unfair business practices, the public has been and continues to be deceived.  Plaintiff is entitled to injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the unfair business practices alleged herein, or any other business practice which unfairly harms Plaintiff, or which is likely to confuse or deceive the public.

42.   As a further direct and proximate result of Defendants' infringement and palming off, Plaintiff has suffered economic damages, which continue to accrue by the continuance of such wrongful conduct, and Plaintiff is therefore entitled to an award of compensatory damages according to proof.

43.   Defendants have also been unjustly enriched by profits derived from sales attributable to infringement of the three-dimensional configuration trademark and/or palming off; Defendants should be

ordered to account for such profits and pay them over to Plaintiff.

44.   The aforementioned conduct of trademark infringement and palming off by Defendants was oppressive and malicious, and done in conscious disregard of the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages for such conduct, as allowed by law.

45.   No complete remedy exists at law for the injuries suffered by Plaintiff herein insofar as further irreparable harm will result to Plaintiff from Defendants' continued or future violation of the Business and Professions Code absent injunctive relief.  Therefore, Plaintiff requests appropriate injunctive relief.

### Third Claim for Relief
**(Unjust Enrichment Against All Defendants)**

46.   Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

47.   Defendants, through the conduct alleged herein, have received the benefits of the use and exploitation of the three-dimensional configuration trademark and of Plaintiff's goodwill.

48.   Defendants have unjustly retained the benefits of their use and exploitation of the three-dimensional configuration trademark and of Plaintiff's goodwill at Plaintiff's expense.

49.   As a direct, proximate, and foreseeable result of the conduct and omissions alleged above, Defendants have been unjustly enriched through the use and exploitation of Plaintiff's mark and of its goodwill and Plaintiff has been deprived of money that was wrongfully paid to Defendants, which, absent Defendants' violations, would have otherwise been due to Plaintiff.  Plaintiff is entitled to restitution of any and all such

sums in an amount to be determined at trial.

50.   As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law, including without limitation the loss of consumer goodwill. Plaintiff is informed and believes and thereon alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unlawful and wrongful conduct, in violation of the law.  Plaintiff is entitled to preliminary and permanent injunctive relief.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   On the First claim:

    a.   For an accounting by Defendants of all profits obtained from the sale of infringing goods, and for payment of the same to Plaintiff;

    b.   Statutory penalties under the Lanham Act for infringement by Defendants, including treble damages;

    c.   Money damages, including but not limited to compensation adequate to pay Plaintiff the cost of advertising reasonably necessary to correct public confusion caused by Defendants' infringement;

    d.   Attorney's fees and costs as allowed by law;

    e.   Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from using the three-dimensional configuration trademark, or similar marks in

connection with the importation, offer, sale, distribution and/or advertising of writing implements; and

f.     Destruction of the infringing articles manufactured by Defendants and all labels, packaging, literature, and advertising infringing on Plaintiff's federal registered and incontestable three-dimensional configuration trademark.

2.    On the Second claim:

a.     Compensatory damages for Defendants' trademark infringement and palming off according to proof;

b.     For an accounting by Defendants of all profits derived from trademark infringement and palming off, and for payment of same to Plaintiff;

c.     Exemplary and punitive damages for trademark infringement and palming off as allowed by law;

d.     Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from using the three-dimensional configuration trademark, or any marks that are confusingly similar; and

e.     Other appropriate equitable relief, including the imposition of affirmative duties upon Defendants, which are reasonably necessary to protect the three-dimensional configuration trademark, now and in the future.

3.    On the Third claim:

a.     For restitution from Defendants, and each of them, for said unjust enrichment; and

b.     A constructive trust over any sums by which Defendants have been so unjustly enriched.

4.    On all claims:

    a.    For prejudgment interest according to law;

    b.    For Plaintiff's costs incurred in this action; and

    c.    For such other and further relief as the Court may deem just and proper.

Date:  May 3, 2024              GARVEY ADAM LLP


By:  /s/ Joshua A. Schaul
                     Joshua A. Schaul
                     Attorneys for Plaintiff
                     Scentco, Inc.

Complaint

# **Demand For Jury Trial**

Plaintiff Scentco, Inc. requests a trial by jury on all claims and defenses so triable.


Date:  May 3, 2024                    GARVEY ADAM LLP


By: /s/ Joshua A. Schaul
   Joshua A. Schaul
   Attorneys for Plaintiff
   Scentco, Inc.

Complaint