1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCENTCO, INC.,<br><br>                                        Plaintiff,<br><br>v.<br><br>WEVEEL, LLC and DOES 1 through 10,<br>                                        Defendants. | Case No. 24-cv-796-MMA-MMP<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. Nos. 8] |

On May 3, 2024, Scentco, Inc. ("Plaintiff" or "Scentco") commenced this trademark infringement action against WeVeel, LLC ("Defendant" or "WeVeel") and Does 1–10. *See* Doc. No. 1 ("Compl.").  WeVeel now moves to dismiss or stay this case pursuant to the first-to-file rule. *See* Doc. No. 8.[1]  Scentco filed a response in opposition to the motion.  Doc. No. 9.  The Court found this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 10. For the reasons set forth below, the Court **DENIES** WeVeel's motion to dismiss.

---

[1] The Court previously rejected WeVeel's motion to dismiss for failure to comply with the district's Civil Local Rules.  *See* Doc. Nos. 6, 7.  The Court notes that WeVeel's renewed motion is still noncompliant and does not cure all previously noted deficiencies.  CivLR 5.1. a.  The Court cautions WeVeel that any further noncompliant filings will be stricken from the record.

# I. BACKGROUND

Since 2003, Scentco has engaged in the design, manufacture, and sale of *The Funnest Stuff On Earth!*™, including pens, markers, crayons, plush toys, activity kits, and modeling dough.  Compl. ¶ 10.  In connection with its manufacture and sale of these goods, Scentco holds a number of domestic and international trademarks, including U.S. Trademark Registration No. 4,630,857 (the "Trademark").  *Id.* ¶ 11.  Since at least 2022, the Trademark has protected Scentco's three-dimensional configuration for a tube that encases a writing implement.  *Id.* ¶¶ 11–12.  According to Scentco, it uses its Trademark in the advertising and promotion of its products and it distinguishes the products it offers from others in the marketplace.  *Id.* ¶ 13.  The Trademark "has thus become synonymous with [Scentco] and is a valuable asset symbolizing [Scentco], its high quality products, and its goodwill."  *Id.*

According to Scentco, since at least July 24, 2017, WeVeel has been using a counterfeit three-dimensional tube to house its scented pencils that is virtually identical to Scentco's Trademark.  *Id.* ¶¶ 16–18.  Scentco contends that WeVeel had actual or constructive notice of the Trademark and did not obtain Scentco's consent or approval to use a three-dimensional tube in the advertisement and sale of its scented pencils.  *Id.* ¶¶ 18–19.  Scentco alleges that WeVeel's uses a counterfeit three-dimensional tube to deceive and cause confusion among clients and purchasers.  *Id.* ¶¶ 21–22.

As a result, Scentco brings three claims against WeVeel: (1) trademark infringement; (2) unfair competition; and (3) unjust enrichment.

# II. LEGAL STANDARD

The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982).  The rule provides that a district court has discretion to dismiss, stay, or transfer the second-filed case if the same parties and issues are already at issue in a proceeding before another district court.  *Id.*;

*Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).  "The first-to-file rule is intended to 'serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly.'"  *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (quoting *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).

In determining whether the rule applies, courts analyze: (1) the chronology of the lawsuits; (2) the similarity of the parties involved; and (3) "the similarity of the issues at stake."  *See Alltrade*, 946 F.2d at 625.  Regarding the second factor, "the first-to-file rule does not require exact identity of the parties . . . [r]ather, the first-to-file rule requires only substantial similarity of parties."  *Kohn Law Grp.*, 787 F.3d at 1240 (citations omitted).  With respect to the third factor, "[t]he issues in both cases also need not be identical, only substantially similar . . . [t]o determine whether two suits involve substantially similar issues, [courts] look at whether there is substantial overlap between the two suits."  *Id.* at 1240–41 (quotation marks and citations omitted).

### III. DISCUSSION

WeVeel moves to dismiss or stay this action pursuant to the first-to-file rule.  The parties do not dispute that WeVeel initiated a legal action against Scentco in the District of New Jersey, D.N.J. Case No. 24-cv-01008-ESK-SAK (the "New Jersey Action"), and that the New Jersey Action remains pending.

**A.    Chronology of Actions**

The parties agree that the chronology of actions factor weighs in WeVeel's favor.  Doc. No. 9 at 4.  WeVeel initiated the New Jersey Action on February 21, 2024.  Doc. No. 8-1; Doc. No. 8-2 ("Def. Ex.") 1.  Scentco initiated this action on May 3, 2024.  *See* Compl.  Accordingly, because the New Jersey Action was filed before the instant action, this factor weighs in favor of application of the first-to-file rule.

**B.    Similarity of Parties**

The parties similarly agree that the similarity of parties factor weighs in WeVeel's favor.  In this case, Scentco has filed claims against WeVeel and Does 1 through 10.  *See*

Compl.  In the New Jersey Action, WeVeel filed suit against Scentco, Evaco LLC, and Christopher W.E. Cote.  Def. Ex. 1.  According to the Complaint in the New Jersey Action, Evaco and Scentco share an owner and director, Mr. Cote.  Def. Ex. 1 ¶ 4.  Accordingly, the Court agrees that the parties here are substantially similar and therefore, the second factor weighs in favor of application of the first-to-file rule.

## C.    Similarity of Issues

The parties dispute whether this action and the New Jersey Action substantially overlap.  According to WeVeel, both actions involve the factual similarity and potential confusion between the parties' products, namely, whether a consumer would confuse WeVeel's "SCENTOS scented pencils" with Scentco's scented pencils.  Doc. No. 8-1 at 9–10.  According to Scentco, the actions are not substantially similar because they involve different trademarks or intellectual property and the claims do not overlap.  Doc. No. 9 at 5–6.

As noted above, the first-to-file rule does not require identical issues or "exact parallelism," but requires substantial similarity of the issues.  *Kohn Law Grp.*, 787 F.3d at 1240; *see Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("exact parallelism does not exist, but it is not required. It is enough if the two proceedings are 'substantially similar.'").  In order to determine whether the actions involve substantially similar issues, courts "look at whether there is 'substantial overlap' between the two suits."  *Kohn Law Grp.*, 787 F.3d at 1240.

According to the complaint in the New Jersey Action, WeVeel designs, manufactures, and markets scented stationery materials and products, including markers under the trademark "SCENTOS."  Def. Ex. 1 ¶¶ 9, 24.  WeVeel pleads that it owns two trademarks: U.S. Trademark Registration No. 4,046,915 for "SCENTOS &Design for 'Felt tip markers; Fiber-tip markers; Markers'" and U.S. Trademark Registration No. 6,491,841 for "SCENTOS for 'Chalk; Chalk sticks; Stationery; Marking chalk; Stickers' and 'Bubble making wand and solution sets; Toy modeling compounds.'"  *Id.* ¶¶ 10–11.  According to WeVeel, in 2014, it learned that Scentco was selling products

under its name, "SCENTCO," and WeVeel contacted Cote to inform him of WeVeel's protected trademarks. *Id.* ¶ 31.  Despite representations that Scentco would only use the name in connection with "unrelated goods," WeVeel alleges that Scentco began promoting and selling products similar or identical to WeVeel's products. *Id.* ¶¶ 32–33. WeVeel contends that since 2014, Scentco has manufactured, advertised, and sold products that are confusingly similar to WeVeel's products' displays, packaging, and product shapes. *Id.* ¶ 35.  And although the parties previously entered into a settlement agreement regarding these issues, WeVeel contends that Scentco has breached that agreement by continuing to sell products under the SCENTCO mark or name. *Id.* ¶¶ 38– 43.  As a result, WeVeel brings the following eight claims: (1) breach of contract; (2) fraud in the inducement in violation of 15 U.S.C. § 1114; (3) trademark infringement in violation of 15 U.S.C. § 1114; (4) unfair competition in violation of 15 U.S.C. § 1125(a); (5) trade dress infringement in violation of 15 U.S.C. § 1125(a); (6) unfair and deceptive practices in violation of New Jersey Law; (7) common law trademark infringement and unfair competition; breach of the implied covenant of good faith and fair dealing; and (8) unfair competition in violation of New Jersey law.  Def. Ex. 1.

Here, as discussed above, Plaintiff brings three claims for trademark infringement, violation of California's unfair competition law, and unjust enrichment, based upon the allegation that WeVeel's use of a tube to encase its scented pencils infringes on Scentco's Trademark.  *See* Compl.

Scentco attempts to draw a distinction between these actions by highlighting the differences in the parties' claims.  Doc. No. 9 at 6.  But the claims need not be identical. *White v. Home Depot U.S.A., Inc.*, No. 22-cv-00276-AJB-AGS, 2022 U.S. Dist. LEXIS 119325, at *17 (S.D. Cal. July 6, 2022) ("The sameness inquiry focuses on the facts and issues raised in the actions, not on the specific claims pled.") (quoting *Mehr v. Capital One Bank USA*, No. SACV 18-1576 JVS (ADSx), 2019 U.S. Dist. LEXIS 99685, at *8 (C.D. Cal. Jan. 4, 2019) (alteration and citation omitted)).  And, save for WeVeel's breach of contract claims, the claims in these actions do not meaningfully differ.  Both

include federal trademark infringement claims and claims for unfair competition or practices under federal and/or state statute or common law.

That said, the Court is not ultimately persuaded that the issues in these two cases substantially overlap.  It is true that both cases involve the parties' core allegation that the other is selling a scented stationery product that infringes on their trademark and is designed to confuse consumers.  But, as Scentco points out, the actions do not involve competing trademarks.  *See Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014) (finding two actions substantially similar where they involved competing trademarks).  This case involves a trademark for casing for a scented pencil and the New Jersey Action involves WeVeel's trademark of the mark "SCENTOS."  The Court is not convinced that a differing trademark alone is sufficient to undermine similarity especially where, as here, the differing marks could appear on the same product.  To that end, both cases will involve a determination of whether the parties' design, manufacture, and marketing of goods are so similar that consumers will be misled about the source or affiliation of the products.  Doc. No. 8-1 at 9.  And this will involve an analysis of whether there is a likelihood of confusion based upon the packaging of the parties' products as a whole.  *Arcona, Inc. v. Farmacy Beauty, Ltd. Liab. Co.*, 976 F.3d 1074, 1080 (9th Cir. 2020) ("Put another way, a court must review the product as a whole in determining whether an allegedly counterfeit product will likely cause confusion.").

However, in this case, Scentco claims that WeVeel is improperly using its trademarked tube to encase its scented pencils.  *See, e.g.*, Compl. ¶ 16.  In the New Jersey Action, WeVeel alleges that Scentco's use of the name "SCENTCO" or "SCENTCO, INC." in connection with scented markers, pens, and pencils infringes on its "SCENTOS" trademark and otherwise is in breach of the settlement agreement.  Def. Ex. 1 ¶ 52.  These issues are not substantially similar.  Moreover, it is not clear if the trademark infringement analysis in the New Jersey Action would include the encased scented pencils that are the allegedly counterfeited goods in question in this case.  And

the merits of New Jersey Action will reach many issues not present in this case, such as the alleged breach of the settlement agreement.  So these cases do not clearly appear to substantially overlap.

Accordingly, the Court finds that the third factor is not satisfied here and therefore that the first-to-file rule does not apply.  Because the rule does not apply, the Court need not reach the parties' remaining arguments regarding whether any competing factors weigh against application of the rule.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** WeVeel's motion to dismiss pursuant to the first-to-file rule.

**IT IS SO ORDERED**.

Dated:  October 17, 2024

HON. MICHAEL M. ANELLO
United States District Judge